UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **JESSE RODRIGUEZ**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>**99th FLOOR, LLC d/b/a TOPTRADELINES** and JOHN DOES 1-25,<br><br>Defendant. | Civil Case No.<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

**INTRODUCTION**

1. Plaintiff Jesse Rodriguez ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from 99th Floor, LLC's ("Defendant") practice of sending automated telemarketing text messages to cellular telephones without prior express written consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), the Washington Commercial Electronic Mail Act, RCW § 19.190 *et seq.*, ("CEMA"), and the Washington Consumer Protection Act, RCW § 19.86 *et seq.*, ("CPA").

**CONCORD LAW, P.C.**
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914

## JURISDICTION

2. This Court has federal question jurisdiction because this case arises out of violations of 47 U.S.C. § 227 *et seq.*, a federal law. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Washington.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Washington. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10), RCW 19.190.010(11), and RCW 19.86.010(1).

5. Defendant is, and at all times mentioned herein was, a corporation duly organized under the laws of the State of Florida with its headquarters at 1000 Ponce De Leon Boulevard, Suite 103, Coral Gables, Florida 33134-3354. Defendant, is and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10), RCW 19.190.010(11), and RCW 19.86.010(1).

6. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## BACKGROUND

7. The TCPA was enacted to protect consumers from the invasion of privacy caused by "unrestricted telemarketing." Congress found that "[b]anning such automated or prerecorded telephone calls … except when the receiving party consents to receiving the

**CONCORD LAW, P.C.**
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914

call … is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." 47 U.S.C. § 227 (Congressional Statement of Findings).

8. Accordingly, the TCPA makes it unlawful for any person "to make any call (other than a call … made with the prior express consent of the called party) using any automatic telephone dialing system…to any telephone number assigned to a…cellular telephone service." 47 U.S.C. 227(b)(1)(A)(iii).

9. This prohibition encompasses both voice and text calls, including short message service (SMS) messages (commonly known as "text messages"). 18 FCC Rcd. 14014 at 14115, ¶ 165; *see also Gager v. Dell Fin. Servs., LLC.*, 727 F.3d 265, 269 (3d Cir. 2013).

10. An "automatic telephone dialing system" is defined as "equipment which has the capacity (A) to store or produce numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. 227(a)(1).

11. The Federal Communication Commission ("FCC") has emphasized that this definition "covers any equipment that has the specified *capacity* to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." 27 FCC Rcd. 15391 at 15392, n.5; *see also, e.g.,* 18 FCC Rcd. 14014 at 14092, ¶ 132 (concluding that predictive dialers fall within the statutory definition because of their "capacity to dial numbers without human intervention.").

12. In 2012, the FCC issued a rule requiring consent to be in writing "for all telephone calls using an automatic telephone dialing system…to deliver a telemarketing message to wireless numbers[.]" 27 FCC Rcd. 1830 at 1838, ¶ 20. This rule went into effect on October 16, 2013. *Id.* at 1857, ¶ 66.

**CONCORD LAW, P.C.**
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914

13. As codified, "prior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorized the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system … and the telephone number to which the signatory authorized such advertisements or telemarketing messages to be delivered." 64 CFR § 1200(f)(8).

14. If there is doubt as to consent, "the seller … bear[s] the burden of demonstrating that a clear and conspicuous disclosure was provided and that unambiguous consent was obtained." 27 FCC Rcd. 1830 at 1844, ¶ 33.

15. For non-telemarketing calls, prior express consent is still necessary, but it can be given orally or in writing. *Id.* at ¶ 28.

16. The TCPA provides for a private right of action and statutory damages of $500 per call or text for negligent violations of the TCPA, and $1,500 per call or text for knowing and/or willful violations of the TCPA. 47 U.S.C. § 227(b)(3).

17. While the TCPA itself does not define "willful," "the Communications Act of 1943, of which the TCPA is a part, defines willful as 'the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[s], rule or regulation." *Roylance v. ALG Real Estate Servs.*, Case No. 5:14-cv-02445-PSG, 2015 U.S. Dist. LEXIS 44930, 31 (N.D. Cal. Mar. 16, 2015); *see also, e.g., Sengenberger v. Credit Control Servs., Inc.*, Case No. 09-c-2796, 2010 U.S. Dist. LEXIS 43874 (N.D. Ill. May 5, 2010) ("[C]ourts have generally interpreted willfulness to imply only that an action was intentional.").

**CONCORD LAW, P.C.**
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914

18. In enacting the TCPA, Congress gave the FCC the authority to exempt certain calls and texts from the TCPA's prohibitions.

19. One such exemption allows "package delivery companies to alert wireless consumers about their packages." 29 FCC Rcd. 3432 at ¶ 1.

20. However, the FCC held that for such delivery notifications to be exempt, the "notifications must not include any telemarketing, solicitation, or advertising content." *Id.* at 3437, ¶ 18.

21. The FCC has similarly exempted text messages confirming an individual's request to opt out of future text messages, so long as, *inter alia*, the "opt out" confirmation message "does not contain marketing [or] solicitations." The FCC wrote:

> [T]exts that clearly contain marketing or promotional materials (such as "your request to opt out of future messages will be honored but we are offering you a 10% discount on our products") and texts that encourage consumers to call or otherwise contact the sender in an attempt to market, including such texts that, while neutral on their face, lead to a marketing message if the consumer contacts the sender, are likely beyond the scope of the consumer's prior consent. We will monitor consumer complaints and take appropriate action if senders are using confirmation texts as an additional opportunity to market.
>
> 27 FCC Rcd. 15391 at 15397 ¶ 12.

22. Accordingly, from both the plain language of the TCPA and subsequent FCC language regarding comparable types of calls and texts, by automatically sending telemarketing text messages to Plaintiff and Class members in "response" to the text messages received from Plaintiff and class members, Defendant violated the TCPA.

**FACTUAL ALLEGATIONS**

23. Defendant owns and operates several domain names including www.toptradlines.com and www.deletionexpert.com.

**CONCORD LAW, P.C.**
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914

24. Defendant's main business is credit repair.

25. Defendant utilizes sending mass text messages as an advertising tool.

26. Many of the text messages sent are unsolicited and without the recipients' express consent.

27. On August 31, 2015, Defendant sent an automated unsolicited text message from telephone number (786) 347-3780 to Plaintiff's cellular telephone number (206) 538-7255, containing an advertisement for services the Defendant offers.

28. Plaintiff is the sole subscriber of the cellular phone account bearing the phone number of (206) 538-7255, and has been the sole subscriber of that account at all times relevant hereto.

29. Plaintiff is the sole party financially responsible for the payment of the cellular phone account bearing the phone number of (206) 538-7255, and has been the sole party financially responsible for that account at all times relevant hereto.

30. Plaintiff is the customary and sole user of the cellular phone number (206) 538-7255, and has been the customary and sole user of that phone number at all times relevant hereto.

31. On October 06, 2015, Defendant sent another automated unsolicited text message to Plaintiff's cellular telephone containing an advertisement for services the Defendant offers.

32. On October 31, 2015, Defendant sent an automated unsolicited text message to Plaintiff's cellular telephone containing an advertisement for services the Defendant offers. See attached screenshot showing the above three text messages marked as **Exhibit A.**

**CONCORD LAW, P.C.**
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914

33. On November 07, 2015, Defendant sent an automated unsolicited text message to Plaintiff's cellular telephone containing an advertisement for services the Defendant offers.

34. On November 13, 2015, Defendant sent an automated unsolicited text message to Plaintiff's cellular telephone containing an advertisement for services the Defendant offers. See attached screenshot showing the above two text messages marked as **Exhibit B.**

35. Plaintiff did not provide express written consent to receive this telemarketing message from Defendant, as required by the TCPA.

36. All of the aforementioned text messages, as well as similar text messages not specifically mentioned herein, are sent using an automatic telephone dialing system as defined at 47 U.S.C. § 227(a)(1) and as clarified in subsequent FCC interpretations. The system(s) used to send these text messages had the capacity to store or produce numbers to be called using a random or sequential number generator and to dial such numbers. The system(s) also had the capacity to send text messages to cellular phones without human intervention.

37. These are not mere "technical" violations of the TCPA either. Upon information and belief, Defendant obtains a substantial amount of business by sending out these text messages.

38. Plaintiff did not provide express to Defendant to send a telemarketing text message to his cellular telephone using an automatic dialing system (or otherwise).

**CONCORD LAW, P.C.**
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914

39. As a result, Plaintiff suffered actual damages as a result of the invasion of privacy, nuisance, and time spent reading and interacting with the unsolicited text advertisement, as well as in the form of data and device storage usage.

40. Plaintiff is also entitled to statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and (C); RCW 19.190.040(1); and RCW 19.86.090.

41. Upon information and belief, Plaintiff is one of thousands to receive this or similar unsolicited and automated text message solicitations from Defendant.

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a proposed class defined as:

> Plaintiff and all persons within the United States 1) who, since November 23, 2011, received, from a number owned, operated, or controlled by Defendant, 2) a telemarketing text message 3) sent through the use of an automatic telephone dialing system 4) to said person's cellular telephone 5) when said person had not provided express written consent to receive such messages.
>
> ("Class")

43. For the purposes of this class definition, "telemarketing text message" is defined as any text message containing 1) a hyperlink, masked or otherwise, to a non-Defendant-owned entity's website, or to the location where the entity's products or services can be acquired, when said entity gave to Defendant any consideration in exchange for advertising placements; or 2) a reference to the name of any non-Defendant-owned entity or a reference to any non-Defendant-owned entity's products, services, or offerings, when said entity gave to Defendant any consideration in exchange for advertising placements.

44. Excluded from this class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge

**CONCORD LAW, P.C.**
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914

to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

45. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

46. The exact number and identities of the persons who fit within the Class are ascertainable in that Defendant maintains written and electronically stored data showing:

    a. Which messages were programmed to which telephone numbers;

    b. The time period during which these messages were programmed to be sent;

    c. In which circumstances which messages were sent;

    d. The number of times those telephone numbers received and sent text messages; and

    e. The telephone number of each individual to whom a text message was sent.

47. The proposed Class is comprised of tens or hundreds of thousands of individuals, if not more.

48. There are common questions of law and fact affecting the rights of the class members, including, *inter alia*, the following:

    a. Whether the text messages constitute solicitations under the TCPA;

    b. Whether Defendant used an automatic dialing system to send these text messages;

    c. Whether Defendant adequately disclosed that the responding text would contain an advertisement;

    d. Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violation; and

    e. Whether Defendant should be enjoined from engaging in such conduct in the future.

**CONCORD LAW, P.C.**
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914

49. Plaintiff is a member of the Class in that he received an unsolicited automated telemarketing text from Defendant in response to his text message.

50. The claims of Plaintiff are typical of the Class members in that they arise from Defendant's uniform policies and automatic responses, and are based on the same legal theories of all Class members.

51. Plaintiff and all putative Class members have also necessarily suffered actual damages in addition to statutory damages, as the text messages at issue took up space on putative Class members' devices, caused a nuisance to Class members, and invaded their privacy.

52. Plaintiff has no interest antagonistic to, or in conflict with, the Class.

53. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent himself and the Class.

54. Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

55. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

56. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

57. Common questions will predominate, and there will be no unusual manageability issues.

**COUNT I**

**NEGLIGENT VIOLATIONS OF THE TCPA 47 U.S.C. § 227 Et Seq.**

**(On behalf of Plaintiff and the Putative class)**

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**CONCORD LAW, P.C.**
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914

59. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

60. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

61. Plaintiff and each member of the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**COUNT II**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA 47 U.S.C. § 227 Et Seq.**

**(On behalf of Plaintiff and the Putative Class)**

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

64. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each member of the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

65. Plaintiff and each member of the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**CONCORD LAW, P.C.**
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914

## COUNT III

## VIOLATIONS OF THE WASHINGTON CEMA RCW 19.190 Et Seq.

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. Washington's CEMA prohibits the "transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone service . . . allowing the transmission of text messages." RCW 19.190.060 (1).

68. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the CEMA, including but not limited to the above-cited provision of RCW 19.190 et seq.

69. As a result of Defendant's violations of CEMA, Plaintiff and each member of the Class are entitled to an award of $500.00, or actual damages, whichever is greater, for each and every violation, pursuant to RCW 19.190.040(1).

70. Plaintiff and each member of the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT IV

## VIOLATIONS OF THE WASHINGTON CPA RCW 19.86 Et Seq.

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. Under Washington's CEMA, an unlawful transmission of an electronic commercial text message "is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act, chapter 19.86 RCW." RCW 19.190.060 (2).

**CONCORD LAW, P.C.**
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914

73. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the CPA, including but not limited to the above-cited provisions of the TCPA and the CEMA.

74. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated the Washington Consumer Protection Act, actual damages, statutory damages, costs and attorneys' fees. RCW 19.86.090.

75. Plaintiff and each member of the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and members of the Class respectfully pray for the following relief:

a) Certification of the Class under Fed. R. Civ. P. 23;

b) On the First Count, as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and each member of the Class is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

c) On the Second Count, as a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and each member of the Class is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

d) On the Third Count as a result of Defendant's violations of RCW 19.190 et seq., Plaintiff and each member of the Class is entitled to and requests damages, as

**CONCORD LAW, P.C.**
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914

provided by statute, up to five hundred dollars ($500.00), or actual damages, whichever is greater, for each and every violation pursuant to RCW 19.190.040.

e) On the Fourth Count as a result of Defendant's violations of RCW 19.86 et seq., Plaintiff and each member of the Class is entitled to and requests damages, as provided by statute, for each and every violation pursuant to RCW 19.86.090.

f) An order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. § 227(b)(1)(A)(iii);

g) Attorney's fees and costs; and

h) Such other and further relief as the Court may deem just and proper.

**CONCORD LAW, P.C.**
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914

Dated: January 5, 2016

Ryan Pesicka #48182

*s/ Ryan Pesicka*________
**CONCORD LAW, P.C.**
6608 216th Street, Suite 107A
Mountlake Terrace, Washington 98043
T: (206) 512-8029
ryan@concordlawseattle.com
*Attorney for Plaintiff*

**TO BE ADMITTED PRO HAC VICE**
Ari H. Marcus, Esq.
**MARCUS & ZELMAN, LLC**
1500 Allaire Avenue-Ste. 101
Ocean, New Jersey 07712
T: (732) 695-3282
F: (732) 298-6256
ari@marcuszelman.com
*Attorney for Plaintiff*

**TO BE ADMITTED PRO HAC VICE**
Yitzchak Zelman, Esq.
**MARCUS & ZELMAN, LLC**
1500 Allaire Avenue-Ste. 101
Ocean, New Jersey 07712
T: (732) 695-3282
F: (732) 298-6256
yzelman@marcuszelman.com
*Attorney for Plaintiff*

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury on all questions of fact raised by the Complaint.

Dated: January 5, 2016

*s/ Ryan Pesicka*________

Ryan Pesicka 48182

**COMPLAINT—CLASS ACTION** – 15

**CONCORD LAW, P.C.**
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Ryan@ConcordLawSeattle.com
(206) 512-8029 F: (206) 512-8914